**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

KARIME GRUNAHUER, JASON PEGUERO, individually, and on behalf of others similarly situated,

*Plaintiffs*,

- against -

AUTOZONERS, LLC,

*Defendant*.

Case No. 1:26-cv-5984

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant AutoZoners, LLC ("AutoZone"), by and through its attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., hereby removes this action from the Supreme Court of the State of New York, County of Queens, where it is pending, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL BACKGROUND

1. On July 31, 2026, Plaintiffs Karime Grunahuer and Jason Peguero filed a civil action against AutoZone, captioned *Grunahuer, et al. v. AutoZoners, LLC*, Index No. 722881/2026, in the Supreme Court of the State of New York, County of Queens.

2. Plaintiffs served a copy of the Summons and Complaint on AutoZone on August 27, 2026, therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Civil Cover Sheet is filed contemporaneously herewith. A copy of the Summons and the Complaint is included herewith as

**<u>Composite Exhibit A</u>**. The documents which comprise Composite Exhibit A constitute all process, pleadings and orders filed in the state court action to date.

4. In the Complaint, Plaintiffs purport to assert federal and state wage-and-hour claims against AutoZone for: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) failure to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206; (3) failure to pay overtime wages in violation of New York law; (4) failure to pay "non-overtime wages" in violation of New York law; (5) failure to timely pay wages in violation of New York law; (6) failure to provide required wage notices upon hiring in violation of New York law; (7) failure to provide required wage statements in violation of New York law; and (8) failure to properly pay "spread of hours" pay in violation of New York law. *See* Compl., Ex. A, at pp. 14-23.

5. For the FLSA claims, Plaintiffs bring these claims on behalf of themselves and a potential collective consisting of "[a]ll current and former hourly-paid or non-exempt employees who worked for Defendants [sic] in the State of New York at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action[.]" Compl., Ex. A, ¶ 34. For the state claims, Plaintiffs bring these claims on behalf of themselves and a putative class consisting of "[a]ll current and former hourly-paid or non-exempt employees who worked for Defendants [sic] in New York during the period from six years prior to the filing of this Complaint to the date of judgment in this action[.]" Compl., Ex. A, ¶ 42.

6. No further processes, pleadings, or orders have been served on AutoZone.

7. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## II. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction

8. This Court has federal question jurisdiction. In the Complaint, Plaintiffs allege a controversy arising out of federal law, specifically, the FLSA. *See generally* Ex. A. Therefore, this Court has original federal question jurisdiction over this action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). As provided in 28 U.S.C. § 1441, removal of civil actions is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"

### B. Diversity Jurisdiction

9. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA") based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(d), 1453. Under CAFA, district courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) ("CAFA amends the diversity statute by adding a new § 1332(d) to confer original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states."). "The party invoking federal jurisdiction under CAFA has the burden of showing that the case falls within a district court's jurisdiction. *Hines v.*

*Overstock.com, Inc.,* No. 09 CV 991 SJ, 2013 WL 4495667, at *5 (E.D.N.Y. Aug. 19, 2013) (citing *Blockbuster*, 472 F.3d at 58). Defendant has met its burden, since all CAFA requirements are satisfied in this case. Further, no exception to the exercise of federal jurisdiction applies. *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)-(B). Therefore, removal under diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**i. *Complete Diversity of Citizenship Exists.***

10. CAFA requires a party seeking removal to show only minimum diversity; that is, one putative class member must be a citizen of a different state than one defendant. 28 U.S.C. § 1332(d)(2); *see also Blockbuster*, 472 F.3d at 58.

11. On information and belief, Plaintiffs, on the one hand, are citizens of the State of New York. Plaintiffs allege in their Complaint, that at all times relevant to the Complaint, Plaintiffs Karime Grunahuer and Jason Peguero were residents of the State of New York. Compl., Ex. A, ¶¶ 8, 10.

12. AutoZone, on the other hand, is a citizen of the States of Nevada and Tennessee. AutoZoners, LLC is a Nevada limited liability company. *See* Declaration of Sally F. Barron ("Barron Decl."), attached hereto as **Exhibit B**, ¶ 6. "For the purposes of establishing diversity jurisdiction, a limited liability company is a citizen of each state in which its individual members are citizens." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020). Here, the sole member of AutoZoners, LLC is AutoZone Investment Corporation and it is a citizen of the States of Nevada and Tennessee. Barron Decl. ¶ 7. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see also* 28 U.S.C. § 1332(c)(1). AutoZone Investment

Corporation is incorporated in Nevada and has its principal place of business in Tennessee. Barron Decl. ¶ 7.

13. Because Plaintiffs and Defendant are citizens of different states, diversity of citizenship exists for purposes of establishing federal-court jurisdiction under CAFA.

**ii. *The Proposed Class Consists of at Least 100 Proposed Class Members*.**

14. The second jurisdictional requirement under CAFA is that the number of members of all proposed plaintiff classes in the aggregate is more than 100. *See* 28 U.S.C. 1332(d)(5)(B).

15. With respect to their state claims, Plaintiffs purport to bring this action on behalf of a broad class consisting of "[a]ll current and former hourly-paid or non-exempt employees who worked for Defendants [sic] in New York during the period from six years prior to the filing of this Complaint to the date of final judgment in this action," regardless of the position or work location within New York. Compl., Ex. A, ¶ 42.

16. Based on a review of AutoZone's personnel data, during the six years preceding the filing of the Complaint, AutoZone employed approximately 18,138 hourly employees (referred to as AutoZoners) in the State of New York. Barron Decl. ¶ 4.

17. Accordingly, Plaintiffs' proposed class well exceeds the 100-person threshold, further supporting this Court's subject-matter jurisdiction over this action pursuant to CAFA.

**iii. *The Amount in Controversy Exceeds $5,000,000 Exclusive of Interest and Costs*.**

18. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6); *see also Blockbuster*, 472 F.3d at 59.

19. To satisfy the amount-in-controversy requirement, the party seeking removal "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are

in excess of $5 million." *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (citing *Blockbuster*, 472 F.3d at 59). In determining whether the removing defendant has met this burden, courts look first to the plaintiff's complaint and then to the defendant's petition for removal. *Id*. Where the pleadings are inconclusive of the amount in controversy, a court may look outside those pleadings to other evidence in the record. *Id.*

20. While AutoZone denies Plaintiffs' factual allegations and denies that Plaintiffs or the putative class that they purport to represent are entitled to the relief for which they have prayed, or to any other form of relief, AutoZone can establish to a "reasonable probability" that the aggregate claims of the Plaintiff class as alleged in the Complaint exceed $5,000,000.

21. To take just one of Plaintiffs' claims as an example, Plaintiffs allege failure to provide wage statements in violation of New York Labor Law ("NYLL") Article 6, § 195(3). Compl., Ex. A, ¶¶ 132-133.

22. The NYLL provides that, if an employee does not receive a wage statement under § 195(3), they may recover in a civil action damages of $250 for each work day the violations occurred or continue to occur, but not to exceed a total of $5,000. 6 NYLL § 198(1-d).

23. As discussed above, AutoZone has determined that there are approximately 18,138 hourly AutoZoners who worked in the State of New York at some point during the six-year period preceding the filing of the Complaint.

24. If 18,138 individuals received incorrect wage statements as Plaintiffs claim, the potential damages for each incorrect wage statement provided to that group would amount to $4,534,500 (*i.e.*, 18,138 x $250). Each putative class member would only need to receive two incorrect wage statements for the damages to exceed $5 million: 18,138 putative class members x

$250 x 2 wage statements = $9,069,000. Accordingly, accounting for only one of Plaintiffs' eight causes of action, the aggregate claims still exceed CAFA's $5,000,000 threshold.

25. In addition to statutory damages, Plaintiffs also seek unpaid wages, liquidated damages, service awards, pre- and post-judgment interest, and attorneys' fees and costs (including expert fees).

26. The amount in controversy in this action, therefore, meets CAFA's monetary threshold. All three prongs of CAFA are satisfied, and this Court has subject-matter jurisdiction over this action.

## III. PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

### A. Venue is Proper in the Eastern District of New York.

27. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Queens, where Plaintiffs originally filed this action. *See generally* Ex. A; 28 U.S.C. §§ 112(c), 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

### B. This Notice of Removal is Timely.

28. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of August 27, 2026, the date on which AutoZone was purportedly served with a Copy of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).[1]

[1] AutoZone denies service was proper as the Summons and Complaint were not left with an agent authorized to receive service of process on behalf of the company.

29. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**C. The Notice of Removal Complies with 28 U.S.C. §§ 1445 and 1446.**

30. This Action is not an action described in 28 U.S.C. § 1445.

31. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff's counsel contemporaneously with this filing.

32. There are no motions pending at the time of this removal.

33. By filing a Notice of Removal, AutoZone does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant AutoZoners, LLC hereby removes this case from the Supreme Court of the State of New York, County of Queens, and respectfully requests that this Court assume complete jurisdiction over the case for all future proceedings.

Dated: September 25, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Michael A. Brodlieb*
Michael A. Brodlieb, Esq.
281 Witherspoon Street, 3rd Floor
Princeton, New Jersey 08540
(609) 490-4844
mbrodlieb@bakerdonelson.com

*Attorney for Defendant AutoZoners, LLC*

**CERTIFICATE OF SERVICE**

I hereby affirm that I caused to be served a true and correct copy of Defendant's Notice of Removal and accompanying exhibits by overnight Federal Express, this 25th day of September, 2026, on:

Joanna Ghosh
Breanna Small
LAWYERS *for* JUSTICE, P.C.
217 Broadway, Suite 511
New York, New York 10007
*Attorneys for Plaintiffs and the Putative Class*

I affirm that the foregoing is true under penalties of perjury.

*/s/ Michael A. Brodlieb*
Michael A. Brodlieb